**Ernest NEWTON, Defendant–
Appellant,**

v.

**UNITED STATES, Appellee.**

No. 06–0714–cr.

United States Court of Appeals,
Second Circuit.

June 28, 2007.

Joseph W. Martini, Pepe & Hazard, Southport, Conn., for Defendant–Appellant.

Kevin J. O'Connor, United States Attorney, District of Connecticut (William J. Nardini, Assistant United States Attorney, on the brief), for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges, Hon. RICHARD M. BERMAN, District Judge.*

### SUMMARY ORDER

Defendant–Appellant Ernest Newton, who pled guilty to bribery, mail fraud, and tax evasion, appeals from a judgment of the United States District Court for the District of Connecticut (Nevas, *J.*). The district court on remand, responding to our Summary Order of November 30, 2006, 20 provided the reasons on account of which it had deemed 60 months' imprisonment appropriate under the 2003 Sentencing Guidelines Manual.[1]

The district court had previously sentenced Newton to 60 months' imprisonment under the 2005 Sentencing Guidelines Manual and had explained that sentence with admirable clarity and thoroughness. It also had said that it would impose the same sentence if the 2003

---

* The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

1. Out of an excess of caution, the district court also explained that were it *re* sentencing the Defendant, it would, on the basis of his actions subsequent to his original sentencing, impose a somewhat lesser sentence. Because our remand did not contemplate a resentencing, such *ex post* data is, as the district court foresaw, not germane.

Manual applied. But the court had not given a justification for imposing a 60 month sentence under the 2003 Manual. Since such a sentence deviated from the 2003 guidelines, we remanded to enable the court to explain its decision.

The district court has now done so and has provided "a compelling statement of reasons that reflect consideration of [18 U.S.C.] § 3553(a) and set forth why it was desirable to deviate from the Guidelines", *United States v. Rattoballi*, 452 F.3d 127, 135 (2d Cir.2006). Accordingly, we hold that the 60 month sentence imposed is reasonable. And, as the same sentence of 60 months has been imposed and fully justified under both the 2003 and 2005 Manuals, we need not, and hence do not, decide which Manual applies.

The judgement of the district court is therefore **AFFIRMED.**